**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GIORGI BERADZE, | : | |
| | : | |
| *Petitioner,* | : | |
| v. | : | No. 2:26-cv-07111 |
| | : | |
| WARDEN J.L. JAMISON, *et al.*, | : | |
| | : | |
| *Respondents.* | : | |

**MEMORANDUM OPINION**

Petitioner Giorgi Beradze entered the United States without inspection in 2022. Petition for a Writ of Habeas Corpus (Dkt. No. 1) at ¶ 17. Shortly thereafter, he was encountered by Department of Homeland Security officers, detained, and then released on his own recognizance. *Id.* at ¶ 18. Several months later, he filed for asylum. *Id.* at ¶ 21. On September 14, 2026, while his asylum application and immigration court proceedings remained pending, Petitioner was detained when he appeared for his scheduled check-in with Immigration and Customs Enforcement. *Id.* at ¶ 21–22.

Petitioner was detained pursuant to 8 U.S.C. § 1226(a). Response in Opposition (Dkt. No. 4) at 2. Under that statute, Petitioner is entitled to certain administrative remedies, namely, a right to a bond hearing and a right to appeal the bond decision. *Gomez v. Jamison*, No. 26-CV-3879, 2026 WL 1959116, at *2 (E.D. Pa. July 6, 2026) (Hodge, J.) ("The administrative remedies under § 1226(a) and its implementing regulations are: (1) the detained noncitizen may request a bond

redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ('BIA')." (citations omitted)).

Prior to filing a habeas petition under 28 U.S.C. § 2241, Petitioner was required to exhaust his administrative remedies. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (explaining the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241" (citations omitted)). Because Petitioner has not yet exhausted his administrative remedies, "the merits of his claims are not yet ripe for habeas review." *See Piatukho v. Jamison*, No. 2:26-CV-6413, 2026 WL 2719267, at *4 (E.D. Pa. Sept. 15, 2026) (Leeson, J.).

Petitioner, however, argues that his detention violates his substantive and procedural due process rights. Petition at ¶¶ 24–25. First, Petitioner explains that substantive due process "requires that all forms of civil detention—including immigration detention—bear a 'reasonable relation' to a non-punitive purpose." *Id.* at ¶ 28 (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). According to Petitioner, the "Supreme Court has recognized only two permissible non-punitive purposes for immigration detention: ensuring a noncitizen's appearance at immigration proceedings and preventing danger to the community." *Id.* at ¶ 29 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690–92 (2001); *Demore v. Kim*, 538 U.S. 510, 519–20, 527–28, 531 (2003)). Petitioner insists that the Government must make an individualized determination of flight risk and danger to the community. *Id.* at ¶ 30 (citations omitted).

This argument is not persuasive because Petitioner is entitled to a bond hearing. A bond hearing will provide Petitioner with precisely the sort of individualized assessment that he seeks. Thus, the solution is for Petitioner to exhaust his administrative remedies. Additionally, it is unclear why Petitioner characterizes the due process protections recognized in *Jackson v. Indiana* as "substantive." *See Foucha v. Louisiana*, 504 U.S. 71, 79–80 (1992) (characterizing *Jackson* as recognizing *procedural* protections, distinct from a discussion of substantive due process).

Petitioner's second argument is that his detention violates his procedural due process rights. *See* Petition at ¶ 32. Petitioner emphasizes that the Constitution generally "requires some kind of a hearing *before* the State deprives a person of liberty or property." *Id.* at ¶ 33 (emphasis in original) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). Petitioner applies the three-part test from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to his detention and concludes that the Due Process Clause compels his release. *See* Petition at ¶¶ 36–42.

*Mathews v. Eldridge* provides courts with three factors to consider when assessing whether administrative procedures satisfy the Due Process Clause. Courts must balance:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335 (citation omitted). The first factor weighs in favor of Petitioner, while the final two factors weigh in favor of the Government.

As to the first, the private interest affected by the official action is Petitioner's liberty interest. This is, of course, a very important individual concern. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

The second factor asks courts to consider the "risk of an erroneous deprivation of [the private] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[.]" *Mathews*, 424 U.S. at 335. Here, Petitioner has administrative processes available to him in the form of an individualized bond hearing and the right to appeal a bond decision. These procedures protect against the risk of an erroneous deprivation of his liberty interest.

The final factor also favors the Government. The Government has a "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings[.]" *Buele Morocho v. Warden Philadelphia FDC*, ___ F.4th ___, No. 26-1150, 2026 WL 2546223, at *10 (3d Cir. Aug. 28, 2026) (citing *Zadvydas*, 533 U.S. at 690). A bond hearing ensures that the Government may assert that interest.

Consequently, balancing the *Mathews* factors supports the conclusion that Petitioner's due process rights can be adequately protected through exhaustion of his administrative remedies.

Finally, this Court observes that "the exhaustion requirement fosters judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking." *Republic Indus., Inc. v. Cent. Pennsylvania Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982) (citations omitted).

Moreover, "[r]equiring exhaustion is 'particularly important in the resolution of cases involving constitutional issues,' as here." *Piatukho*, 2026 WL 2719267, at *3 (quoting *Republic Indus.*, 693 F.2d at 293 ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint[.]")). For the foregoing reasons, Petitioner must exhaust his available administrative remedies before this Court may consider his request for habeas relief.

An appropriate order follows.

DATED: September 22, 2026

BY THE COURT:



GAIL WEILHEIMER J.